IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

DARREN E. FORT,                              Civ. No. 05-1536-HO

            Plaintiff,                       ORDER

     v.

Commissioner of Social Security,

            Defendant.

     After failing to obtain review of a September 19, 2002 decision terminating benefits awarded under an application of December 9, 1993, plaintiff filed new applications for disability insurance and supplemental security income benefits.  Plaintiff seeks review of the decision of the Commissioner denying these applications.  For the reasons explained below, the Commissioner's decision is not supported by substantial evidence nor free of material legal error, and further proceedings would serve no useful purpose.  Therefore, the decision of the Commissioner is reversed, and this matter is remanded for

calculation and payment of benefits.

## Discussion

The administrative law judge (ALJ) found plaintiff's allegations generally credible, yet did not credit the allegation that plaintiff is unable to sustain full time employment. (Tr. 30-31, 454-55). The ALJ credited a portion of the report of state agency physicians (309-28) finding only moderate functional limitations. (Tr. 32). The ALJ rejected the opinions of treating physician Dr. Bolton and examining physician Dr. Tongue that plaintiff cannot sustain full time employment due to bipolar disorder. (Tr. 271, 335-36). The ALJ further rejected the testimony of the medical expert (ME) that plaintiff is markedly limited in concentration, persistence and pace. (Tr. 29, 460). The ALJ cited progress notes dated after Dr. Tongue's December 20, 2002 as evidence that plaintiff's condition is stable, and manic depressive disorder is well controlled (Tr. 358).

While plaintiff lives independently, his stated activities, enumerated by the ALJ, are not inconsistent with his claimed inability to work full time. (Tr. 30). Plaintiff testified that he attends one or two community college art classes per term, up to six hours per week, and that he drives and parks cars for a car auction for four or five hours, one day per week. (Tr. 442, 450-54). At the time of the hearing, plaintiff had performed this work for two weeks. (Tr. 443). The ALJ also found

plaintiff's alleged inability to sustain full time work not supported by treatment notes. (Tr. 30). The notes document treatment for plaintiff's bipolar disorder, but do not indicate whether plaintiff is capable of sustaining full time employment. As noted, Dr. Bolton opined that plaintiff is incapable of full time employment. The record contains no opinion from Dr. Wood on the matter. In finding plaintiff generally credible and referring to activities and treatment notes, the ALJ failed to state clear and convincing reasons to reject plaintiff's allegation that he is incapable of sustaining full time employment.

The ALJ stated an insufficient reason to reject the ME's opinion that plaintiff is markedly limited in concentration, persistence and pace. The ALJ noted only that the ME relied on plaintiff's hearing testimony. (Tr. 29). However, the ALJ found plaintiff generally credible, and the ME reviewed the treatment records prior to the hearing. (Tr. 31, 456).

The ALJ stated insufficient reasons to reject the opinions of Drs. Bolton and Tongue. The ALJ found Dr. Bolton's opinion unsupported by the overall record and plaintiff's testimony. This treating physician opinion is consistent with the opinion of Dr. Tongue, the global assessment of functioning (GAF) score of 35 assigned by Dr. Laszewski following plaintiff's unsuccessful 2001 attempt at custody and care of his son, and plaintiff's

testimony.  (Tr. 212, 271, 335, 454).

Dr. Tongue opined that plaintiff, "while of superior intellect, is quite vulnerable to stressful circumstances and may easily decompensate in the presence of the sorts of stressors which would be associated with full time employment."  (Tr. 335).  The ALJ rejected this opinion after noting that more recent records and plaintiff's statements demonstrate stability on the current regimen for "quite some time," improved sleep, and advice from an attorney that plaintiff "seek care by a psychiatrist, as that would carry more weight in court than the testimony of a nurse practitioner."  (Tr. 31).  Nothing in the cited materials contradicts Dr. Tongue's opinion.  The ALJ did not find that plaintiff does not need mental health treatment, and plaintiff's treatment history is documented.  Plaintiff's attorney is correct that under its regulations, the Social Security Administration affords more weight to the opinions of physicians than to the opinions of nurse practitioners.

The ALJ's decision is not supported by substantial evidence nor free of material error, and must be reversed.  Review of the record indicates that further proceedings would serve no useful purpose and would delay an award of benefits.  Plaintiff's testimony, other lay evidence and the physicians' opinions establish plaintiff's inability to sustain full time employment.  The court finds insufficient evidence in the record to permit the

4 - ORDER

ALJ to properly reject this evidence. Further, the vocational expert (VE) testified that a marked degree of functional limitation, as found by the ME, would preclude employment when combined with other limitations identified by the ALJ. (Tr. 465).

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded for calculation and payment of benefits.

IT IS SO ORDERED.

DATED this __8th__ day of January, 2007.

                                                                  s/ Michael R. Hogan
                                                      United States District Judge